**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
  E-Mail: mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
  E-Mail: sbeldner@mcguirewoods.com
Amy E. Beverlin, Esq. (SBN 284745)
  E-Mail: abeverlin@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Sylvia J. Kim, Esq. (SBN #258363)
  Email: skim@mcguirewoods.com
2 Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Plaintiff
LAKELAND TOURS, LLC d/b/a WORLDSTRIDES

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAKELAND TOURS, LLC d/b/a WORLDSTRIDES, a Delaware Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PATRICIA NEIMEYER, an individual; NATIONS CLASSROOM, LLC, a Virginia Limited Liability Company; and DOES 1 through 50, inclusive<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) MISAPPROPRIATION OF TRADE SECRETS, CAL. CIV. CODE § 3426, ET SEQ.**<br><br>**(2) MISAPPROPRIATION OF TRADE SECRETS, 18 U.S.C. § 1836, ET SEQ.**<br><br>**(3) VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030, ET SEQ.**<br><br>**(4) VIOLATION OF CALIFORNIA PENAL CODE § 502, ET SEQ.**<br><br>**(5) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**(6) BREACH OF CONTRACT**<br><br>**(7) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(8) UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

99279732.3

**COMPLAINT**

Plaintiff LAKELAND TOURS, LLC d/b/a WORLDSTRIDES ("WorldStrides"), a Delaware limited liability company, hereby complains and alleges against Defendants PATRICIA NEIMEYER ("Neimeyer"), NATIONS CLASSROOM, LLC ("Nations Classroom"), and DOES 1 through 50, inclusive, as follows:

## INTRODUCTION

1. WorldStrides is among the largest and most trusted student travel organizations in the nation and has provided educational travel programs to approximately four million elementary, middle, high school and university students since its inception in 1967.

2. Defendant Neimeyer is a former employee of WorldStrides who, during her employment, provided operations planning and oversight for travel programs sold to schools through USA Student Travel ("USA Travel"), which is a division of WorldStrides.

3. Defendant Nations Classroom is a Virginia limited liability company that is also engaged in the business of selling educational travel programs to students and schools. WorldStrides is informed and believes and on that basis alleges that Neimeyer is a current employee of Nations Classroom in addition to serving as its agent for service of process in California.

4. Neimeyer worked for WorldStrides from approximately April 2013 until on or about July 8, 2016, when her employment with WorldStrides was terminated after her position was restructured and she declined to accept a different position offered to her by WorldStrides. WorldStrides is informed and believes that Neimeyer declined WorldStrides' offered position in order to take a position with Nations Classroom upon leaving WorldStrides.

5. As part of her employment with WorldStrides, Neimeyer signed a Confidentiality and Intellectual Property Assignment Agreement (the "Confidentiality Agreement") whereby she agreed, *inter alia*, that, following the termination of her employment with WorldStrides for any reason, she would "not use or disclose any Confidential Information or Trade Secrets [as defined therein] to directly or indirectly solicit, induce, or attempt to solicit or induce any of the customers or clients of [WorldStrides] to terminate, his, her or its relationship with [WorldStrides]" or any parent, subsidiary, or any affiliate thereof. Neimeyer further acknowledged that "the use or disclosure of Confidential Information to solicit any existing or prospective customer or client of the Company shall constitute

an act of unfair competition." Also upon joining WorldStrides, Neimeyer was provided with a copy of the WorldStrides' Employee Guidebook, and was made aware of the policies and procedures contained therein.

6. Upon her separation of employment, Neimeyer executed a Severance Agreement and General Release (the "Severance Agreement") in which she reaffirmed her obligations under the Confidentiality Agreement and agreed, *inter alia*, that the Confidentiality Agreement remained "in full force and effect" notwithstanding the separation of her employment from WorldStrides.

7. WorldStrides is informed and believes and on that basis alleges that during her employment with WorldStrides, Neimeyer engaged in unlawful conduct including, but not limited to, improperly accessing, copying, and/or otherwise retaining WorldStrides' trade secrets/confidential and proprietary information. WorldStrides is informed and believes and on that basis alleges that, shortly after her employment with WorldStrides ended, Neimeyer joined Nations Classroom with the express intent to use WorldStrides' trade secrets/confidential and proprietary information to compete with it unfairly and to induce long-standing WorldStrides' customers to cease doing business with WorldStrides and instead book their annual educational travel programs with Nations Classroom.

8. Moreover, WorldStrides is informed and believes and on that basis alleges that Neimeyer has been engaging in this unlawful conduct with the knowledge, ratification, and participation of Nations Classroom, including but not limited to its owner and Chief Execute Officer Joseph Bloxsom. Neimeyer, acting on her own and through the other Defendants, including Nations Classroom and the Doe defendants, engaged in these unlawful acts knowingly, willfully and intentionally, and with the specific intent to deceive and cause harm to WorldStrides. WorldStrides further asserts that such contentions are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

### THE PARTIES

9. Plaintiff WorldStrides is a Delaware limited liability company with its principal place of business and corporate headquarters in Charlottesville, Virginia.

10. WorldStrides is informed and believes and on that basis alleges that Defendant Neimeyer is an individual and has at all times relevant to this action been a resident and citizen of the

State of California, who is employed by and an officer, director or managing agent of Defendant Nations Classroom.

11. WorldStrides is informed and believes and on that basis alleges that Defendant Nations Classroom is a Virginia limited liability company with its principal place of business and its corporate headquarters in Richmond, Virginia. WorldStrides is informed and believes and on that basis alleges that Nations Classroom maintains a California office in Folsom, California. With respect to the acts and conduct of Defendants Neimeyer and/or DOES 1 to 50 alleged herein, WorldStrides is informed and believes and on that basis alleges that they are each personally guilty of oppression, fraud or malice in engaging in such acts or conduct, that Defendant Nations Classroom had and has advance knowledge of their unfitness and employed and employs them with a conscious disregard of the rights of others (including without limitation WorldStrides), or authorized and ratified their wrongful conduct for which damages are sought, and that such advance knowledge and conscious disregard, authorization, and ratification was on the part of an officer, director, or managing agent of Defendant Nations Classroom, including without limitation its owner and Chief Executive Officer Joseph Bloxsom, and that such contentions are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

12. Defendants DOES 1 to 50, inclusive, are sued herein under such fictitious names. WorldStrides is informed and believes, and on that basis alleges, that Defendants, and each of them, including those designated herein as DOES 1 to 50, are responsible in some manner for the occurrences, happenings, acts and omissions alleged herein, that they were each an officer, director or managing agent of the other Defendants, and that WorldStrides' damages, injuries, and losses alleged herein were and are the direct proximate result of said occurrences, happenings, acts and omissions of said Defendants, which they committed being personally guilty of oppression, fraud or malice, and that such contentions are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

13. WorldStrides is informed and believes, and on that basis alleges, that each of the Defendants, including Neimeyer and those designated herein as DOES 1 to 50, were the alter egos, agents, partners, principals, officers, directors, managing agents, affiliates, conspirators, co-

conspirators, joint venturers, employers, and/or employees of each of the remaining Defendants. WorldStrides is informed and believes, and on that basis alleges, that each of the Defendants, including those designated herein as DOES 1 to 50, were acting within the course, scope and authority of said relationship and with the knowledge, consent, approval or ratification of each of the remaining Defendants.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that WorldStrides' Second Claim for Relief under 18 U.S.C. § 1836, *et seq.*, and Third Claim for Relief under 18 U.S.C. § 1030, *et seq.*, arise under federal law.

15. This Court has personal jurisdiction over Defendant Neimeyer because she is a citizen and resident of California, the claims asserted against her arise directly from her activities in the State of California both in her former role as an employee of WorldStrides and her current role as an employee of Nations Classroom, and the Confidentiality Agreement provides that it is to be governed and construed in accordance with the domestic laws of the State of California.

16. This Court has personal jurisdiction over Defendant Nations Classroom because it maintains a California office in Folsom, California, and the claims asserted against it in this action arise directly from its activities, and/or the activities of its agents, representatives, employees, owners, members, officers, directors, managing agents and/or alter egos, including but not limited to Neimeyer, which were and/or are occurring in, directed to and/or impacting the State of California.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because: (1) all Defendants are subject to personal jurisdiction in this District at the time this action is commenced; and (2) a substantial part of the events and/or omissions giving rise to claims alleged herein occurred in Sacramento County, California.

## FACTS COMMON TO ALL CLAIMS

18. WorldStrides is amongst the largest and most trusted student travel organizations in the nation and has provided educational travel programs to approximately seven million elementary, middle, high school and university students. Every year, approximately 400,000 teachers and students from all 50 states and several foreign countries travel with WorldStrides to destinations throughout the

United States and the world. WorldStrides serves its customers by providing unique opportunities for learning through seeing, experiencing, and interacting. WorldStrides offers a breadth of curriculum-based history, science, and arts programs to destinations in the United States and abroad for elementary, middle, high school and university students.

19. WorldStrides, through the investment of significant time, effort and expense, has developed and compiled through its business operations: (a) information about its customers (including its program leaders, teachers, students, administrators, and schools) and their purchase histories and preferences, including pricing information; (b) a method for and database identifying the best prospective customers; (c) marketing and sales techniques that yield a higher than average success rate; and (d) methods and practices of delivering educational travel programs that maximize the value to its customers, all of which are trade secrets/confidential and proprietary information that is essential to WorldStrides' operations. Such trade secrets/confidential and proprietary information constitutes WorldStrides' main asset and is valuable to WorldStrides and its competitors because it derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from disclosure or use of the information.

20. WorldStrides makes reasonable efforts to maintain the secrecy of its trade secrets and other confidential and proprietary information by: (1) promulgating and enforcing policies and procedures that regulate and restrict the access and use of such information by employees; (2) maintaining systems that monitor employee access and use of such information; (3) investigating and taking remedial action in cases of actual or potential misuse of such information; (4) limiting access to facilities and data; (5) requiring passwords for access to systems containing such information; (6) locking and securing facilities where such information is maintained; (7) requiring that employees, including Neimeyer, execute agreements to protect such information; and (8) initiating legal action when necessary to protect such information.

21. In or around April 2013, Neimeyer accepted a position with WorldStrides as Vice President, Operations. In her role, Neimeyer was responsible for pricing, planning, and trip operations, and had access to WorldStrides' customer and sales lead databases and, as a result, acquired an extensive knowledge of WorldStrides' customers generally, customer lists, customer

preferences, customer pricings, and other confidential and proprietary information related to WorldStrides' actual and prospective customers.

22. As a condition of her employment with WorldStrides, Neimeyer signed a Confidentiality Agreement with WorldStrides on or about April 2, 2013. In that Confidentiality Agreement, Neimeyer agreed that she would maintain the secrecy of WorldStrides' trade secrets/confidential and proprietary information both during and after her employment by, *inter alia*, protecting such information and refraining from disclosing it to any of WorldStrides' competitors, customers, or any other person, firm, corporation or other entity

23. Pursuant to the terms of the Confidentiality Agreement, Neimeyer also agreed that all materials containing such trade secrets/confidential and proprietary information are the sole property of WorldStrides and shall be delivered to WorldStrides at any time upon its request and in any event upon termination of employment. Neimeyer further agreed that the use or disclosure of WorldStrides' trade secrets/confidential and proprietary information to solicit any existing or prospective customer or client of WorldStrides constitutes an act of unfair competition.

24. In the Confidentiality Agreement, Neimeyer also agreed that WorldStrides will suffer irreparable harm if she breaches her obligations under the Confidentiality Agreement and that, in the event of a violation of her obligations thereunder, WorldStrides shall be entitled to a temporary and permanent injunction in order to prevent and restrain such breach, in addition to any other remedies available at law or equity.

25. Neimeyer's job responsibilities with WorldStrides included, *inter alia*, trip planning, pricing, and operations, including maintaining and managing third party vendor relationships and becoming familiar with the specific elements of each customer's chosen itinerary, as well as supervising the work of other WorldStrides employees responsible for doing the same.

26. In order to maximize her ability to succeed in her position, Neimeyer was provided access to WorldStrides' trade secrets/confidential and proprietary information and was trained in WorldStrides' operations and trip delivery techniques, and related pricing strategies, on the condition that, pursuant to the Confidentiality Agreement, she maintain the confidentiality and/or secrecy of this material and use it for the sole and exclusive benefit of WorldStrides.

27. WorldStrides is informed and believes and on that basis alleges that, upon Neimeyer leaving her employment with WorldStrides, Neimeyer commenced working in a position with Nations Classroom, which, according to its Statement of Information filed with California's Secretary of State (https://businesssearch.sos.ca.gov/, LLC Name Searched: "Nations Classroom"), engages in "educational travel" and, according to its website (https://www.nationsclassroomtours.com/get-to-know-us-school-trips), is a "trusted educational travel company" that "partner[s] with teachers to offer students and families all-inclusive [educational] trips." WorldStrides is further informed and believes and on that basis alleges that Nations Classroom offers the same types of educational travel tours and packages to the same destinations as WorldStrides, and targets the same customers as WorldStrides.

28. WorldStrides is informed and believes and on that basis alleges that, immediately prior to the separation of her employment with WorldStrides, in spite of the obligations in the Confidentiality Agreement and the WorldStrides Employee Guidebook, Neimeyer accessed, copied and/or otherwise retained significant amounts of proprietary, confidential and competitively-valuable financial and strategic information regarding WorldStrides' business operations including, but not limited to, information about WorldStrides' customers with which Neimeyer and/or other WorldStrides employees she supervised had worked during her employment with WorldStrides, all of which constitutes WorldStrides' trade secrets/confidential and proprietary information.

29. Upon her separation of employment, Neimeyer executed the Severance Agreement, in which she reaffirmed her obligations under the Confidentiality Agreement and agreed, *inter alia*, that the Confidentiality Agreement remained "in full force and effect" notwithstanding her separation from WorldStrides.

30. WorldStrides is informed and believes and on that basis alleges that, following the separation of her employment with WorldStrides, Neimeyer joined Nations Classroom with the express intent to use WorldStrides' trade secrets/confidential and proprietary information to compete with it unfairly and to induce long-standing WorldStrides' customers to cease doing business with WorldStrides and instead book their annual educational travel programs with Nations Classroom. Moreover, WorldStrides is informed and alleges that Neimeyer has been engaging in this unlawful conduct with the knowledge, ratification and participation of Nations Classroom, including, but not

limited to, its owner and Chief Executive Officer Joseph Bloxsom.

31. In or around April 2017, upon learning of Neimeyer's employment with Nations Classroom, WorldStrides, through counsel, contacted Nations Classroom, through counsel, to provide it with notice of Neimeyer's continuing obligations under the Confidentiality Agreement. The letter specifically acknowledged that, upon WorldStrides' information and belief, Neimeyer's role at Nations Classroom would place her in direct contact with current WorldStrides' customers and noted that, pursuant to the Confidentiality Agreement, the use of any trade secrets/confidential and proprietary information to induce those customers to terminate their relationships with WorldStrides would be a violation of Neimeyer's continuing obligation to WorldStrides' with respect to such information pursuant to the Confidentiality Agreement.

32. However, despite its April 2017 letter and the Confidentiality Agreement, WorldStrides is informed and believes and based thereon alleges that Neimeyer, acting on behalf of Nations Classroom, has engaged and continues to engage in a coordinated and targeted campaign to contact client accounts on which Neimeyer and/or WorldStrides employees she supervised worked during her time with WorldStrides for the purposes of offering them student travel services from Nations Classroom. For example, WorldStrides is informed and believes and based thereon alleges that on January 12, 2018, Neimeyer sent the following uninvited email to one of WorldStrides' customers, utilizing and referencing WorldStrides' trade secrets/confidential and proprietary information about the customer, soliciting the customer's business:

> From: Patricia Neimeyer <patricianeimeyer@gmail.com>
> Date: Fri, Jan 12, 2018 at 9:56 AM
> Subject: Pat Neimeyer here
> To: Chris ▮▮▮▮ ▮▮▮▮▮▮ @ ▮▮▮▮▮ .org>
>
> Hello Chris,
> Happy New Year!
> I have been chatting off and on with Bill Morgan so we were of course talking about you and your trip.
> I am working with Nations Classroom now and they are going to have some sales reps in the area early next week and I wanted to see if you would like to chat with us at some point about your trip.
> We are offering great quality programs with details like you were accustomed to in the past. I am happy to say that attention to customers and trip details are what drew me to them. I know it is hard, you have been working with Michelle a long time and I miss my old friend but feel that often the sales reps from WS have their hands tied.
> Let me know if you have any interest.

> We do offer some special incentives for Teacher/Organizers.
> You can also call me on my cell at 916-496-1133 if you have questons.
> Pat Neimeyer

WorldStrides is informed and believes and on that basis alleges that Neimeyer has used WorldStrides trade secrets/confidential and proprietary information including, but not limited to, its customer data and pricing information, to undercut WorldStrides' trip pricing and solicit, induce, and/or entice actual and potential WorldStrides' customers to instead book their annual trips with Nations Classroom. WorldStrides is further informed and believes and based thereon alleges that this conduct was and is done with the knowledge, ratification and approval of Nations Classroom and its owner and Chief Executive Owner, Joseph Bloxsom.

33. Neimeyer, acting on her own and through the other Defendants, including Nations Classroom and the Doe defendants, engaged in the above-described unlawful acts knowingly, willfully and intentionally, and with the specific intent to deceive and cause harm to WorldStrides. WorldStrides asserts that the above-alleged contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. WorldStrides further alleges that, as a result of Defendants' misappropriation and unlawful use of such trade secrets/confidential and proprietary information, WorldStrides has already lost several existing customers to Nations Classroom, and has incurred and will incur actual losses in an amount to be proven at trial not less than $688,000.

**FIRST CLAIM FOR RELIEF**

**(Misappropriation Of Trade Secrets – Cal. Civ. Code § 3426, *et seq.*)**

**[Against All Defendants]**

34. WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

35. WorldStrides' trade secret materials are comprised of information that is not generally known to the public or to other persons who can obtain economic value from its disclosure or use. These materials are the subject of reasonable efforts by WorldStrides to maintain their secrecy, and

they derive independent economic value from not being generally known to the public or to others who can obtain economic value from their disclosure or use. Therefore, these materials constitute "trade secrets" under Cal. Civ. Code § 3426.1.

36. WorldStrides contends that Defendants acquired WorldStrides' trade secrets by improperly copying, accessing and/or removing them from WorldStrides' premises and/or systems, and/or by improperly using, transferring, and/or disclosing them in breach of a duty to maintain the secrecy thereof.

37. By reason of the above-alleged acts, WorldStrides has suffered and will continue to suffer irreparable harm in an amount that is difficult or impossible to ascertain, thereby leaving WorldStrides without an adequate remedy at law. WorldStrides is entitled to an injunction restraining Defendants, their employers, agents, employees, and all persons acting in concert with them, from using, copying, publishing, disclosing, transferring, or selling WorldStrides' trade secrets, or any product or services based on or incorporating all or part of such trade secrets, and restraining them from obtaining any commercial advantage or unjust enrichment from the misappropriation of such trade secrets.

38. WorldStrides is further entitled to an order requiring Defendants, their employers, agents, employees, and all persons acting in concert with them, to return to WorldStrides any and all of their trade secrets and confidential, proprietary materials, including but not limited to any and all materials incorporating or referencing WorldStrides' trade secrets and confidential and/or proprietary information.

39. WorldStrides is further entitled to recover from Defendants for the actual damages sustained by WorldStrides as a result of Defendants' wrongful acts described in this Complaint. The amount of such damages cannot be determined precisely at this time. WorldStrides contends that Defendants' acts of misappropriation were both willful and malicious, thereby entitling WorldStrides to an award of exemplary or punitive damages and attorneys' fees against Defendants. WorldStrides is further entitled to recover from Defendants the gains, profits, advantages, and unjust enrichment that they have obtained as a result of their wrongful acts as described herein, in an amount to be proven at the time of trial.

## SECOND CLAIM FOR RELIEF

**(Misappropriation Of Trade Secrets – 18 U.S.C. § 1836, *et seq.*)**

**[Against All Defendants]**

40. WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

41. WorldStrides' trade secret materials are comprised of information that is not generally known to the public or to other persons who can obtain economic value from its disclosure or use. These materials are the subject of reasonable efforts by WorldStrides to maintain their secrecy, and they derive independent economic value from not being generally known to the public or to others who can obtain economic value from their disclosure or use. Therefore, these materials constitute "trade secrets" under 18 U.S.C. § 1839.

42. WorldStrides' trade secret materials are used in and/or intended for use in foreign or interstate commerce and specifically in WorldStrides' provision of educational travel programs to approximately seven million elementary, middle, high school and university students throughout the United States through which approximately 400,000 teachers and students from all 50 states and several foreign countries travel with WorldStrides to destinations throughout the United States and the world.

43. WorldStrides contends that Defendants acquired WorldStrides' trade secrets by improperly copying, accessing, and/or removing them from WorldStrides' premises and/or systems, and/or by improperly using, transferring, and/or disclosing them in breach of a duty to maintain the secrecy thereof.

44. By reason of the above-alleged acts, WorldStrides has suffered and will continue to suffer irreparable harm in an amount that is difficult or impossible to ascertain, thereby leaving WorldStrides without an adequate remedy at law. WorldStrides is entitled to an injunction restraining Defendants, their employers, agents, employees, and all persons acting in concert with them, from using, copying, publishing, disclosing, transferring, or selling WorldStrides' trade secrets, or any

product or services based on or incorporating all or part of such trade secrets, and restraining them from obtaining any commercial advantage or unjust enrichment from the misappropriation of such trade secrets.

45. WorldStrides is further entitled to an order requiring Defendants, their employers, agents, employees, and all persons acting in concert with them, to return to WorldStrides any and all of their trade secrets and confidential, proprietary materials, including but not limited to any and all materials incorporating or referencing WorldStrides' trade secrets and confidential or proprietary information.

46. WorldStrides is further entitled to recover from Defendants for the actual damages sustained by WorldStrides as a result of Defendants' wrongful acts described in this complaint. The amount of such damages cannot be determined precisely at this time. WorldStrides contends that Defendants' acts of misappropriation were both willful and malicious, thereby entitling WorldStrides to an award of exemplary or punitive damages and attorneys' fees against Defendants. WorldStrides is further entitled to recover from Defendants the gains, profits, advantages, and unjust enrichment that they have obtained as a result of their wrongful acts as described herein, in an amount to be proven at the time of trial.

### THIRD CLAIM FOR RELIEF

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. § 1030, *et seq.*)**

**[Against Defendant Neimeyer and DOES 1 through 50]**

47. WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

48. Neimeyer knowingly, willingly and with an intent to defraud WorldStrides, concealed from WorldStrides that she intended to not accept the different position offered to her by WorldStrides and instead accept a position with its competitor Nations Classroom, in order to retain access to WorldStrides' computer network and systems and data (including WorldStrides' trade secrets/ confidential and proprietary information stored therein), which access Neimeyer knew would have

been immediately terminated by WorldStrides had her intent to accept such position with Nations Classroom been immediately disclosed by her, and thereby accessed without authorization and/or exceeded her authorized access to WorldStrides' computer network and systems and data, and obtained valuable trade secrets/confidential and proprietary information from WorldStrides' computer network, systems and data, which she is now using for the benefit of herself and a competitor of WorldStrides.

49.     As a direct, proximate and foreseeable result of Neimeyer's unlawful actions, WorldStrides has suffered and continues to suffer substantial losses and damages in an amount to be proven at the time of trial, but in excess of $5,000.00 during the one (1) year period prior to the commencement of this action.

50.     WorldStrides is informed and believes, and on that basis alleges, that Neimeyer's wrongful actions were taken maliciously, oppressively, with a wanton disregard of WorldStrides' rights, and with the intent to injure WorldStrides and its business. WorldStrides is therefore entitled to an award of punitive damages against Neimeyer in an amount to be proven at the time of trial.

51.     WorldStrides has been damaged by Neimeyer's actions and, therefore, seeks compensatory and other equitable relief under 18 U.S.C. §1030(g) in an amount and forms to be proven at trial. Additionally, as a result of Neimeyer's unlawful acts, WorldStrides has been forced to hire attorneys in order to protect its interests and is therefore entitled to an award of attorneys' fees from Neimeyer.

## FOURTH CLAIM FOR RELIEF

### (Violation of Cal. Penal Code § 502, *et seq.*)

### [Against Defendant Neimeyer and DOES 1 through 50]

52.     WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

53.     Neimeyer knowingly and without permission accessed and used WorldStrides' data, computer, computer system, and/or computer network with the intention to wrongfully control or

obtain WorldStrides' data in violation of Cal. Penal Code § 502(c)(1).

54. Neimeyer knowingly accessed and without permission took, copied and/or made use of data from WorldStrides' computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(2).

55. As a direct, proximate and foreseeable result of Neimeyer's unlawful actions, WorldStrides has suffered and continues to suffer substantial losses and damages in an amount to be proven at the time of trial.

56. WorldStrides is informed and believes, and on that basis alleges, that Neimeyer's wrongful actions were taken maliciously, oppressively, with a wanton disregard of WorldStrides' rights, and with the intent to injure WorldStrides and its business. WorldStrides is therefore entitled to an award of punitive damages against Neimeyer in an amount to be proven at the time of trial.

57. As a result of Neimeyer's unlawful acts, WorldStrides has been forced to hire attorneys in order to protect its interests and is therefore entitled to an award of attorneys' fees from Neimeyer.

## FIFTH CLAIM FOR RELIEF

### (Tortious Interference With Prospective Economic Advantage)

### [Against All Defendants]

58. WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

59. WorldStrides has developed substantial business relationships with customers including, but not limited to, its program leaders, teachers, students, administrators, and schools. These relationships, individually and collectively, are highly valuable business assets to WorldStrides, and WorldStrides had a reasonable expectation that such relationships would continue. Defendants were aware of these business relationships and the continuing nature thereof.

60. Defendants worked in an unlawful and wrongful matter to divert and/or are actively attempting to divert said relationships from WorldStrides. Defendants' unlawful acts include, without limitation, breach of contract, breach of the implied covenant of good faith and fair dealing,

misappropriation of trade secrets, intentional interference, and unfair competition. To the extent that Defendants did not use WorldStrides' trade secrets to accomplish their unlawful acts and interference, WorldStrides is informed and believes, and on that basis alleges, that they used WorldStrides' confidential and/or proprietary information to do so.

61. By engaging in the conduct described above, Defendants intended to disrupt and/or interfere and are continuing to disrupt and/or interfere with WorldStrides' contractual and/or advantageous business relationships with its customers. Further, Defendants actually disrupted and/or interfered with WorldStrides' WorldStrides' contractual and/or advantageous business relationships with its customers. WorldStrides is informed and believes that Neimeyer, acting as an agent of Nations Classroom has, in fact, diverted no less than eight (8) of WorldStrides' customers to Nations Classroom, each of which had booked travel with WorldStrides for at least the preceding 10 consecutive years.

62. Defendants' conduct has harmed and is continuing to harm WorldStrides' relationships with its customers thereby proximately causing WorldStrides to sustain damages for which WorldStrides is entitled to a monetary recovery in an amount to be proven at the time of trial in an amount not less than $688,000.

63. Defendants' wrongful acts and conduct were willful, oppressive, fraudulent, and malicious and were done in conscious disregard for WorldStrides' rights and with the intent to damage WorldStrides and its business operations. WorldStrides is therefore entitled to an award of punitive and exemplary damages against Defendants, and each of them.

## SIXTH CLAIM FOR RELIEF

**(Breach of Contract)**

**[Against Defendant Neimeyer and DOES 1 through 50]**

64. WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

65. On April 2, 2013, Neimeyer executed a Confidentiality Agreement with WorldStrides.

66.  WorldStrides contends that Neimeyer breached the Confidentiality Agreement by, *inter alia*, accessing and/or copying WorldStrides' trade secrets/confidential and proprietary information while an employee of WorldStrides with the express intent to use such information following the separation of her employment to induce long-standing WorldStrides' customers to cease doing business with WorldStrides and instead book their annual educational travel programs with Nations Classroom, and that Neimeyer did use such trade secrets/confidential and proprietary information for this purpose. To the extent that Neimeyer did not use WorldStrides' trade secrets to accomplish her unlawful breaches, WorldStrides is informed and believes, and on that basis alleges, that she used WorldStrides' confidential and/or proprietary information to do so

67.  As a direct and proximate result of said breaches, WorldStrides has been damaged in a sum according to proof at the time of trial.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Implied Covenant Of Good Faith And Fair Dealing)

### [Against Defendant Neimeyer and DOES 1 through 50]

68.  WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference, and asserts that the factual contentions set forth in this claim for relief will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

69.  The Confidentiality Agreement that Neimeyer executed on April 2, 2013 contained an implied covenant of good faith and fair dealing, requiring that she refrain from engaging in conduct designed to harm or compete unlawfully with WorldStrides.

70.  WorldStrides contends that Neimeyer breached this implied covenant by, *inter alia*: (1) accessing and copying and/or otherwise retaining WorldStrides' trade secrets/confidential and proprietary information such as WorldStrides databases, pricing lists, and customer information; (2) joining Nations Classroom with the express intent to use WorldStrides' trade secrets/confidential and proprietary information to compete with it unfairly; and (3) misusing WorldStrides' trade secrets/confidential and proprietary information including, but not limited to, its customer data and pricing information, to knowingly, willfully and intentionally solicit and induce long-standing

WorldStrides' customers to cease doing business with WorldStrides and instead book their annual educational travel programs with Nations Classroom.

71. By virtue of these acts, Neimeyer has breached the Confidentiality Agreement's implied covenant of good faith and fair dealing, thereby proximately causing WorldStrides to sustain damages in an amount to be proven at the time of trial.

### EIGHTH CLAIM FOR RELIEF

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

**[Against All Defendants]**

72. WorldStrides realleges each and every allegation set forth in the foregoing paragraphs and incorporates them herein by reference.

73. Defendants' acts as alleged herein, including, *inter alia*, misappropriating and using WorldStrides' confidential, proprietary, and/or trade secret information in violation of California and United States law, violating the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, violating Cal. Penal Code § 502, *et seq.*, intentionally interfering with WorldStrides' prospective economic advantage, and breaching Neimeyer's contracts and implied covenants of good faith and fair dealing with WorldStrides, constitute acts of unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq.*

74. WorldStrides has no adequate or speedy remedy at law for these acts because they have caused, and will continue to cause, irreparable injury to WorldStrides. To the extent that Defendants did not use WorldStrides' trade secrets to accomplish their acts of unfair competition, WorldStrides is informed and believes, and on that basis alleges, that Defendants used WorldStrides' confidential and/or proprietary information to do so.

75. By reason of the above-alleged acts, WorldStrides has suffered irreparable harm in an amount that is difficult or impossible to ascertain, thereby leaving it without an adequate remedy at law. WorldStrides is entitled to an injunction restraining Defendants, their employers, agents, employees, and all persons acting in concert with them, from engaging in further acts of unfair competition, and restraining them from obtaining any commercial advantage or unjust enrichment as a result of their unlawful conduct.

76. Defendants' conduct has also proximately caused WorldStrides to sustain losses of money and property, thereby entitling it to restitution from Defendants, or each of them.

**WHEREFORE**, WorldStrides prays for judgment against Defendants as follows:

1. A permanent injunction restraining and enjoining Defendants from continuing the wrongful acts and conduct set forth above;

2. During the pendency of this action, such temporary and/or preliminary equitable or other relief as hereafter requested by WorldStrides;

3. Restitution;

4. Compensatory damages to the fullest extent permitted under applicable law, including without limitation for unjust enrichment and/or compulsory royalties and/or as otherwise provided in *Cal. Civ. Code* § 3426, *et seq.*, in an amount to be proven at trial;

5. Punitive and/or exemplary damages, including without limitation as provided in *Cal. Civ. Code* § 3426, *et seq.*;

6. Reasonable attorneys' fees as permitted by applicable law, including without limitation as provided in *Cal. Civ. Code* § 3426, *et seq.* and/or *Cal. Civ. Proc. Code* § 1021.5;

7. All costs of suit herein incurred, including without limitation as provided in *Cal. Civ. Code* § 3426, *et seq.*; and

8. Such other and further relief as the court may deem proper.

Date: February 15, 2018           **MCGUIREWOODS LLP**

By:   /s/ Matthew C. Kane
      Matthew C. Kane, Esq.
      Sabrina A. Beldner, Esq.
      Sylvia J. Kim, Esq.
      Amy E. Beverlin, Esq.

      Attorneys for Plaintiff
      LAKELAND TOURS, LLC d/b/a
      WORLDSTRIDES

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff WorldStrides hereby demands a jury trial on all issues triable by jury.

Date: February 15, 2018

**McGuireWoods LLP**

By:   /s/ Matthew C. Kane
      Matthew C. Kane, Esq.
      Sabrina A. Beldner, Esq.
      Sylvia J. Kim, Esq.
      Amy E. Beverlin, Esq.

Attorneys for Plaintiff
LAKELAND TOURS, LLC d/b/a
WORLDSTRIDES