UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKELAND TOURS, LLC d/b/a WORLDSTRIDES, a Delaware Limited Liability Company, | No. 2:18-cv-0368 MCE DB |
| Plaintiff, | ORDER |
| v. | |
| PATRICIA NEIMEYER, an individual; NATIONS CLASSROOM, LLC, a Virginia Limited Liability Company, | |
| Defendants. | |

On June 14, 2018, each party filed a discovery related motion. (ECF Nos. 16 & 17.) Those motions are noticed for hearing before the undersigned on July 6, 2018. The matter is before the undersigned pursuant to Local Rule 302(c)(1).

Each motion concerns the failure of the parties to agree to a stipulated protective order and seeks an order from the undersigned entering a protective order in this action.[1] Instead of a single notice of motion and joint statement, the parties filed two separate motions, two separate joint statements, a request for judicial notice, and five separate declarations. (ECF Nos. 16-25.) It is

---

[1] Defendant's motion also seeks to compel unredacted initial disclosures. (ECF No. 21 at 1.) However, plaintiff has agreed to this production "upon entry of an appropriate protective order in this action." (Id. at 15.)

1

1    entirely unclear to the undersigned why hundreds of pages of documents are needed to brief the

2    parties' dispute.

3           Moreover, it is unusual for parties to seek an order from the court setting forth the

4    provisions of a global protective order, particularly in the absence of a dispute over a specific

5    class or item of discovery.  In civil actions, parties routinely enter into stipulated protective

6    orders.  Although the decision of whether to enter the stipulation is for the court, it is the parties

7    that typically draft the stipulated protective order as they are in a better position to know their

8    case and what information should be subject to such a protective order.

9           Accordingly, to understand the nature of the parties' dispute, the undersigned will

10   continue the hearing of the parties' motions and order that the parties file a single supplemental

11   joint statement.  The supplemental joint statement shall address all arguments and outstanding

12   issues raised by the parties' discovery motions.  The supplemental joint statement shall also be

13   governed by the undersigned's 25-page limit.  See

14   http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

15   judge-deborah-barnes-db.  Any citations to documents previously filed shall include pinpoint

16   citations.[2]  Each party shall also file, as an exhibit to the supplemental joint statement, their

17   proposed protective order, and provide a Word version of their proposed protective order to

18   dborders@caed.uscourts.gov.

19          Moreover, the parties shall meet and confer at least one additional time prior to the

20   continued hearing date.  In meeting and conferring over their dispute, the parties shall keep in

21   mind the following.  Local Rule 141.1(c), provides that a proposed protective order must include:

22                    (1) A description of the types of information eligible for protection
                      under the order, with the description provided in general terms
23                    sufficient to reveal the nature of the information (e.g., customer list,
                      formula for soda, diary of a troubled child);
24
                      (2) A showing of particularized need for protection as to each
25                    category of information proposed to be covered by the order; and

26                    (3) A showing as to why the need for protection should be addressed

27   _____

     [2] Any case citations shall provide the Westlaw citation.  If a Westlaw citation is unavailable, a
28   copy of the case shall be filed as an exhibit to the supplemental joint statement.

1                    by a court order, as opposed to a private agreement between or

2                    among the parties.

3        All documents filed with the court are presumptively public. <u>See</u> <u>San Jose Mercury</u>

4 <u>News, Inc. v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that

5 the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively

6 public."). Therefore, documents that are the subject of a protective order may be filed under seal

7 only if a sealing order is first obtained. <u>See</u> Local Rule 141.1. A party seeking to obtain a sealing

8 order shall comply with the provisions of Local Rule 141, which sets forth a specific procedure

9 for seeking a sealing order.

10        Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set

11 forth the statutory or other authority for sealing, the requested duration, the identity, by name or

12 category, of persons permitted access to the documents, and all other relevant information." In

13 evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court

14 records.'" <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096 (9th Cir. 2016)

15 (quoting <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The

16 presumption of access is 'based on the need for federal courts, although independent – indeed,

17 particularly because they are independent – to have a measure of accountability and for the public

18 to have confidence in the administration of justice.'" <u>Id.</u> (quoting <u>United States v. Amodeo</u>, 71

19 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material must normally meet the high

20 threshold of showing that "compelling reasons" support secrecy. <u>Id.</u> (citing <u>Kamakana v. City</u>

21 <u>and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is,

22 at most, "tangentially related to the merits of a case," the request to seal may be granted on a

23 showing of "good cause." <u>Id</u>. at 1097-1101.

24        Accordingly, IT IS HEREBY ORDERED that:

25        1. The July 6, 2018 hearing of plaintiff's motion (ECF No. 16) and defendant's motion

26 (ECF No. 17) is continued to **Friday, August 10, 2018,** at **10:00 a.m.**, at the United States

27 District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

28 ////

2. On or before August 3, 2018, the parties file a, single, supplemental joint statement addressing the parties' dispute and complying with the provisions set forth above;[3] and

3. Prior to drafting the August 3, 2018 supplemental joint statement, the parties shall again meet and confer in person or via telephone or video conferencing.

Dated: July 2, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\lakeland0368.prot.ord.cont.hrg.ord

---

[3] After the parties file their supplemental joint statement the undersigned may elect to take the parties' motions under submission without oral argument for an order to issue. Such an order may grant one parties' motion, grant both motions in part, or deny both motions in their entirety.

4