UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKELAND TOURS, LLC d/b/a WORLDSTRIDES, a Delaware Limited Liability Company, | No. 2:18-cv-0368 MCE DB |
| Plaintiff, | ORDER |
| v. | |
| PATRICIA NEIMEYER, an individual; NATIONS CLASSROOM, LLC, a Virginia Limited Liability Company, | |
| Defendants. | |

On June 14, 2018, each party filed a discovery related motion. (ECF Nos. 16 & 17.) Each motion concerns the failure of the parties to agree to a stipulated protective order and seeks an order from the undersigned entering a protective order in this action. The motions are noticed for hearing before the undersigned on September 7, 2018, pursuant to Local Rule 302(c)(1). Those motions are denied for the following three reasons.

First, the parties have been unable to comply with the Local Rules and the undersigned's standing order with respect to the briefing of this dispute. In this regard, instead of a single notice of motion and joint statement, the parties filed two separate motions, two separate joint statements, a request for judicial notice, and five separate declarations. (ECF Nos. 16-25.)

On July 3, 2018, the undersigned issued an order, continuing the hearing of the parties' motions to August 10, 2018. (ECF No. 26.) That order also required the parties to meet and

1

confer, file a single supplemental joint statement, and each file a proposed protective order. (ECF No. 26.) On August 3, 2018, the parties filed the supplemental joint statement. (ECF No. 27.)

That same day, the parties also filed roughly 200 pages of supplemental "declarations" and exhibits. (ECF Nos. 28 & 29.) Those declarations are not purely declarations, but instead also contain additional argument in support of each party's motion. Moreover, the parties' joint statement failed to address why good cause existed for entering a protective order in this action. Accordingly, on August 7, 2018, the undersigned issued an order continuing the hearing of the parties' motions to September 7, 2018, and ordering the parties to file a further supplemental joint statement. (ECF No. 30.)

On August 31, 2018, the parties filed a further supplemental joint statement. (ECF No. 31.) Each side again filed an additional declaration and exhibits. (ECF Nos. 32 & 33.) Again, the declarations are not purely declarations. Moreover, on August 31, 2014, defendant filed "objections" to the declarations filed by plaintiff. (ECF No. 34.) And on September 4, 2018, plaintiff filed a response to defendant's objections. (ECF No. 35.)

Local Rule 251(c) provides that "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in th[e] joint statement, and no separate briefing shall be filed." (emphasis added). Although parties are permitted to file declarations and exhibits in support of a joint statement, those documents should relate directly to the joint statement. Such relation is most obvious when the joint statement cites to the declaration and exhibits.

Moreover, declarations and exhibits are not a chance to provide additional argument. Nor are they a method for avoiding the undersigned's 25-page limit on joint statements. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. Argument belongs in the joint statement. As do any objections and responses.

Second, despite the parties' frequent filings, they continue to be unable to establish good cause for entering a blanket protective order. "As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" In re Roman Catholic

| | |
|---|---|
| 1 | Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips ex rel. |
| 2 | Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002)); see also San Jose |
| 3 | Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well- |
| 4 | established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, |
| 5 | presumptively public."). |
| 6 | Pursuant to Rule 26 of the Federal Rules of Civil Procedure, however, "[t]he court may, |
| 7 | for good cause, issue an order to protect a party or person from annoyance, embarrassment, |
| 8 | oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1); see also Gray v. First |
| 9 | Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Such orders are only appropriate, however, |
| 10 | upon a showing of 'good cause' by the party seeking the order."). "A party asserting good cause |
| 11 | bears the burden, for each particular document it seeks to protect, of showing that specific |
| 12 | prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. |
| 13 | Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); see also In re Ohio Execution Protocol Litigation, |
| 14 | 845 F.3d 231, 236 (6th Cir. 2016) ("Good cause exists if 'specific prejudice or harm will result' |
| 15 | from the absence of a protective order."). "'Broad allegations of harm, unsubstantiated by |
| 16 | specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" Beckman |
| 17 | Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quoting Cipollone v. |
| 18 | Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)). |
| 19 | Here, plaintiff asserts: |

> Defendants have already propounded discovery that seeks WorldStrides' trade secrets and/or confidential or proprietary business information (including, inter alia, sales numbers and compilations of customer information), public disclosure of which creates a considerable risk of improper use by WorldStrides' competitors seeking to replicate its business practices, solicit its clients, and circumvent the considerable time and resources its put into product and marketing development (i.e., the very issue giving rise to this litigation).

(JS (ECF No. 31) at 5.) Plaintiff, however, does not cite to a declaration in support or provide a specific example of a discovery request and explain why that request is likely to concern discovery that should be protected. And defendant's argument provides a single example of "requested documents . . . concerning . . . trade secret claims" without any discussion of potential

3

harm or additional examples to justify entering a blanket protective order.

In short, plaintiff and defendant have failed to establish good cause for the issuance of a blanket protective order. See Campos v. Webb County Tex., 288 F.R.D. 134, 136 (S.D. Tex. 2012) ("As such, conclusory or speculative statements by a treating physician about the harm which will be suffered without a protective order are simply insufficient."); Deford v. Schmid Products Co., a Div. of Schmid Laboratories, Inc., 120 F.R.D. 648, 653 (D. Md. 1987) ("That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.").

Third, the parties have failed to comply with Local Rule 141.1(c). Local Rule 141.1(c), provides that all motions seeking the entry of a protective order shall be accompanied by a proposed protective order. And every proposed protective order must include:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Id. The parties' proposed protective orders, however, do not make a showing of particularized need for protection as to each category of information proposed to be covered or explain why the need for protection should be addressed by a court.

For the reasons stated above, the parties' motions for a protective order will be denied. The denial will be without prejudice to renewal. The parties may attempt to resolve their dispute through stipulation or a renewed motion for a blanket protective order. Alternatively, the parties may proceed with discovery and address the need for protection, if any, in the context of a discovery related motion pertaining to a specific discovery item or category of items. If either party files a renewed motion for a protective order, or a future discovery related motion, that party shall: (1) comply with Local Rule 251; (2) comply with the undersigned's standard information; and (3) comply with Local Rule 141.1 (if applicable).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 14, 2018 motion for a protective order (ECF No. 16) is denied without prejudice to renewal;

2. Defendant's June 14, 2018 motion for discovery and entry of a protective order (ECF No. 17) is denied without prejudice to renewal[1]; and

3. The September 7, 2018 hearing of plaintiff's motion and defendant's motion is vacated.

Dated: September 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\lakeland0368.prot.ord.den

---

[1] Defendant's motion sought to compel unredacted initial disclosures as well as entry of a protective order. (ECF No. 21 at 1.) Because plaintiff had agreed to this production "upon entry of an appropriate protective order in this action" the parties' briefing did not focus on defendant's motion to compel. If necessary defendant may bring a renewed motion to compel this discovery that does brief this issue.

5